ROBERT H. McCARTER ET AL., PLAINTIFFS, v. CONNIE
J. DORRIAN ET AL., DEFENDANTS.

Argued October 6, 1931—Decided February 11, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and CASE.

For the plaintiffs, *George W. C. McCarter.*

For the defendants, *Allen B. Endicott, Jr.*

PER CURIAM.

This is a suit for an alleged balance of counsel fees. The
defenses were, first, that the charges were unreasonable;
secondly, that they had been paid in full by delivery and ac-
ceptance of a note. The jury found for defendants.

It seems to have been conceded by defendants in the testi-
mony that the note was to cover among other things, services
in connection with an appeal to the Court of Errors and
Appeals, with which it was believed the litigation would
terminate. However, further services were required and were
rendered after the termination of the appeal, particularly in
relation to some contempt proceeding, and the defendant
Dorrian stated in his testimony that "we owe him for the
work he did in the attachment suit."

It seems clear that the jury overlooked this phase of the
case and that the verdict of no cause of action generally was

against the weight of evidence. Plaintiffs' counsel concedes "for purposes of argument that the question of what was the agreement with respect to the note and consequently, whether there was anything due for the plaintiffs' services in and about the appeal from Chancery, was for the jury. Our contention, however, is that in any event the verdict could not be for the defendants, but something should be found to be due the plaintiffs by reason of the other services performed after the giving of the note other than the appeal."

We agree that this is so, but do not agree with the claim of counsel that there should be a retrial of the whole case. The claim for services after the appeal which have never been paid for is clearly separable from the claim for services down to and including the appeal and was so treated in the charge. The jury seems to have either ignored it or mistakenly treated it as part of the main case. In that respect the verdict should not be allowed to stand, but we are unable to agree that for this the whole finding should be set aside, particularly in face of the concession by counsel.

A new trial is awarded on the question whether plaintiffs have a valid claim for services and expenses after the appeal, and if so, to what amount.